IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE BOLDT COMPANY, a Wisconsin Corporation, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 1:24-cv-2711 |
| vs. | ) ) ) |
| BLACK & VEATCH CONSTRUCTION, INC., a Missouri corporation, | ) ) ) |
| Defendant. | ) ) ) |

**BVCI'S COMBINED MOTION AND MEMORANDUM TO STAY LITIGATION**

Black & Veatch Construction, Inc. ("BVCI") moves the Court to stay this action until the related litigation, *The Boldt Company v. Black & Veatch Construction, Inc.,* Case No. 19-cv-8383 ("Initial Litigation"), has been fully resolved (including through post-trial motions and a possible appeal) as follows:

**INTRODUCTION**

1. The parties have been litigating the current dispute since December 2019, when Boldt filed its initial complaint for breach of contract and *quantum meruit* arising out of its work at the Cardinal Point project ("Project"). (Initial Litigation, Dkt. #1.) After summary judgment was entered in BVCI's favor and against Boldt in the Initial Litigation (and just shortly before trial commenced in that case), Boldt raised for the first time the concept that it had a claim against BVCI in the Initial Litigation under the Subcontract's[1] termination for cause provision to recover contract balances. The Court rejected Boldt's theory.

---

[1] All capitalized references are to Boldt's complaint in this matter unless otherwise stated herein.

2.       Boldt then filed this action and its new complaint (the "Related Action"), seeking to recover "contract balances" -- a theory that it failed to raise or even allege in the Initial Litigation. Despite having failed to raise this theory, Boldt sought to inject the theory into the parties' three-week trial that started in late October 2023. After trial, Boldt filed its post-trial motion seeking the same relief in the Initial Litigation that it seeks in this Related Action. Boldt's post-trial motion is pending before the Court. Aside from failing to timely or properly raise its "contract balance" theory in the Initial Litigation, both the Initial Litigation and this Related Action seek identical relief. And Boldt seeks to have this Court resolve its contract balances theory in the post-trial motions, resulting in a third avenue seeking the same relief.

3.       To conserve judicial resources and avoid duplicative, wasteful litigation, this Related Action should be stayed pending resolution of the Initial Litigation for the reasons stated herein.

## BACKGROUND FACTS

### A.    Initial Litigation

4.       Boldt instituted the Initial Litigation in December 2019 when it sued BVCI for breach of the Subcontract for allegedly wrongfully terminating Boldt. BVCI counter-sued Boldt to recover its damages due to Boldt's inability to timely or safely complete the Project. Judge Andrea R. Wood was assigned to and is currently presiding over the Initial Litigation. (*See, The Boldt Company v. Black & Veatch Construction, Inc.,* Case No. 19-cv-8383.)

5.       After years of fact and expert discovery, Boldt and BVCI each filed for summary judgment in July 2022. The Court denied Boldt's motion in full, granted BVCI's motion in full, and entered judgment for BVCI, finding Boldt materially breached the parties' agreement. (Initial Litigation, Dkt. #190.) In its summary judgment ruling, the Court held BVCI properly terminated Boldt for cause and properly terminated Boldt's entire scope of work. (*Id.*)

2

6. The parties proceeded to trial on BVCI's damages. The trial lasted from October 30, 2023 to November 17, 2023. The jury ultimately awarded BVCI nominal damages.

7. On November 22, 2023, the Court entered judgment as follows:

> [S]ummary judgment in favor of Defendant/Counter-Plaintiff Black & Veatch Construction, Inc. on Plaintiff/Counter-Defendant Boldt Company's claim and Black & Veatch Construction, Inc.'s counterclaim, and awarded nominal damages of $1.00 for the counterclaim after a jury verdict.

(Initial Litigation, Dkt # 319.)

8. Both parties filed post-trial motions. (*See* Initial Litigation, Dkt. #'s 325 (Boldt's Motion), 326-328 (BVCI's Motion).) Boldt's post-trial motion included an argument under Federal Rule of Civil Procedure 59(e) to include judgment for Boldt (for $5,215,994.11 plus interest) to reflect the amounts Boldt claims it is owed as "contract balances" under the Subcontract's termination for cause provision—the same relief it seeks in this Related Action. All post-trial motions remain pending.

9. At a status conference on May 1, 2024, the parties discussed the Related Action with Judge Wood. Specifically, the parties requested reassignment to Judge Wood because the two cases are related. Judge Wood agreed and granted the parties oral motion to reassign the case as related. (Initial Litigation, Dkt. # 350.) The Related Action has not been reassigned to Judge Wood.

10. During the May 1 status conference, the parties also discussed staying this litigation until the Initial Litigation was fully resolved. The parties and Judge Wood agreed that Boldt's Related Action and its post-trial motion both sought relief for post-termination contract balances under the termination for cause provision and agreed such matters were related.

B. **The Related Action**

11. Boldt filed its Complaint in this Related Action on April 4, 2024. (Related Action, Dkt. # 1.) Its Complaint in the Related Action seeks the same relief as its post-trial motion in the

Initial Litigation—namely, judgment in Boldt's favor for contract balances it alleges it is owed under the Subcontract's termination for cause provision.

12. Indeed, Boldt recognizes the similarity of the issues and represented in its Complaint in the Related Action:

> The claim that is the subject of this Complaint for amounts due to Boldt under the Subcontract following a termination for cause is also the subject of post-trial motions pending before the Honorable Andrea R. Wood of the United States District Court for the Northern District of Illinois in the First Action, case # 1:19-cv-08383-ARW. Boldt's position is that the pending post-trial motions in the First Action are the appropriate way to resolve the issues presented herein—namely, the award of damages that BVCI owes to Boldt under the Subcontract's termination for cause provision. However, because the Court indicated in the First Action that BVCI's post-trial refusal to pay Boldt may be a condition precedent to accrual of Boldt's claim, and to eliminate any possible statute of limitations risk, Boldt files this Complaint as a precautionary measure to preserve Boldt's rights to recover the amount BVCI owes Boldt under the Subcontract. Boldt intends to request that this action be consolidated with the First Action pending before Judge Wood.

(Related Action, Dkt. # 1, n. 3.)

13. Boldt, however, opposes staying the Related Action prior to the close of pleadings.

14. BVCI's deadline to answer or otherwise plead to Boldt's complaint in the Related Action is June 10, 2024. BVCI files the motion at bar in lieu of its responding to Boldt's Complaint.

## ARGUMENT

15. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254 (1936). "In deciding whether to enter such a stay, courts consider the following factors: (i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Pfizer Inc. v. Apotex Inc.,* 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009). "Courts in this district have recognized that when two related cases are pending

4

in separate federal courts, either of those courts may exercise that inherent power to stay the proceedings before it in deference to the related action." *Id.* Indeed, the Court has a "duty to avoid duplicative litigation in more than one federal court." *Id*. "Therefore, the Seventh Circuit not surprisingly has advised that "[a] district court has 'an ample degree of discretion' in deferring to another federal proceeding involving the same parties and issues to avoid duplicative litigation." *Id.*, *citing Trippe Mfg. Co. v. American Power Conversion Corp.,* 46 F.3d 624, 629 (7th Cir. 1995).

16. "When duplicative actions are filed in different federal courts, the general rule favors the forum of the first-filed suit." *Id*. "District courts normally stay or transfer a federal suit for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court." *Id*. at 1007-1008.

17. All three factors courts consider in determining whether to grant a motion to stay favor BVCI and countenance in favor of granting the instant motion.

18. *First*, the stay will not prejudice Boldt (the non-moving party) because even Boldt agrees the Initial Litigation (and specifically, the post-trial motions) are the proper place for resolution of the issues in this Related Action. (See ¶ 12, Related Action Dkt. # 1, at n. 3.) As noted above in Paragraph 12, Boldt's Complaint in the Related Action specifically says "the pending post-trial motions in the First Action are the appropriate way to resolve the issues presented herein." (*Id.*)

19. Boldt further admits in its Complaint that it filed this new lawsuit "as a precautionary measure" based on a possible statute of limitations. (¶12, Related Action Dkt. # 1, n. 3.) Were the Court to deny the motion to stay, all parties would be prejudiced because of having to proceed on the same issues in multiple federal courts, raising the same legal and factual issues

that are pending in multiple litigation avenues. *Pfizer*, 640 F. Supp. 2d at 1008-1010 (granting motion to stay where party first filed complaint in Delaware and only filed complaint in Illinois to preserve its rights to litigate such claim in the future depending on the outcome of the Delaware matter; court stayed the Illinois matter pending resolution of the Delaware matter given the significant overlap and potential for Illinois matter to be moot).

20. *Second*, staying the litigation will simplify the litigation and in fact "may eliminate entirely the need for any further proceedings whatsoever in this Court." *Id*. at 1008. In other words, the Relation Action may be mooted depending on how Judge Wood addresses the parties' post-trial motions, and regardless of how Judge Wood addresses the issue raised by the Related Action, the Appellate Court may also render a decision mooting the Related Action. *See Dawoudi v. Nationstar Mortgage, LLC,* 2016 WL 8711604, at * 1-2 (N.D. Ill. Sept. 16, 2016) (motion to stay action before parties were at issue was granted where appeal in related action implicated the matter at bar and could potentially obviate need for the litigation depending on the outcome).

21. *Third*, a stay will reduce the burden of litigation on the parties and the Court because the "contract balances" issue that Boldt raised shortly before trial and in post-trial motions in the Initial Litigation are identical to the issues raised by the Complaint in the Related Action. And while Boldt agrees to a stay of the proceedings after BVCI answers Boldt's complaint, that may take months if not longer as BVCI intends to move to dismiss the Related Action for reasons including those currently pending in the Initial Action. (¶ 13.) Were BVCI required to respond to Boldt's Complaint in the Related Action, it would move to dismiss the Complaint, raising similar arguments in the motion to dismiss that are currently pending before Judge Wood in both Boldt's and BVCI's post-trial motions and that BVCI will also raise on appeal. The result would be duplicative, wasteful briefing and litigation, which is contrary to the principles of judicial economy

and conserving judicial resources, particularly when Boldt's complaint depends in large part on how the Court rules on the pending motions. *Id*. at 1008-1010. "Indeed, this Court has an obligation to avoid such wasteful duplicative litigation." *Id*.

22. All factors therefore favor imposing a stay of this litigation pending resolution of identical issues in the Initial Litigation.

**WHEREFORE**, BVCI requests that this Court enter an Order staying this lawsuit and granting it additional relief as the Court deems proper.

                                         **BLACK & VEATCH CONSTRUCTION, INC.**

                                         By:  /s/ Richard P. Darke
                                                    One of its Attorneys

Richard P. Darke
Rosanne Ciambrone
Nicole Mirjanich Moore
Duane Morris, LLP
190 S. LaSalle St. Suite 3700
Chicago, IL 60603
Rpdarke@duanemorris.com
Rciambrone@duanemorris.com
Nmoore@duanemorris.com

**CERTIFICATE OF SERVICE**

Richard P. Darke certifies that on June 10, 2024 he caused the foregoing document to be electronically filed with the Clerk of the U.S. District Court, using the Court's CM/ECF system, which will send electronic notification of the filing to those parties who have appeared and are registered as CM/ECF participants in this matter. Parties may access this filing through the Court's CM/ECF system.

/s/ *Richard P. Darke*